Filed 4/30/15  T.M. v. Super. Ct. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| T.M.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF MENDOCINO COUNTY,<br><br>        Respondent,<br><br>MENDOCINO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Real Party in Interest. | A144208<br><br>(Mendocino County<br>Super. Ct. No. SCUK-JVSQ-14-17080) |

        T.M., the mother of J.B., age six months, seeks to set aside the juvenile court's order setting a permanent plan hearing pursuant to Welfare and Institutions Code,[1] section 366.26.  She contends that the evidence is insufficient to support the findings to bypass reunification services pursuant to the provisions of subdivisions (b)(11) and (b)(13) of section 361.5.  We deny the petition.

## I.  FACTUAL BACKGROUND

        J.B. was born in October 2014 and tested positive for marijuana.  On October 15, 2014, the Mendocino County Health & Human Services Agency (the Agency) filed a section 300 petition alleging that mother had a chronic substance abuse history, including use of methamphetamine and marijuana, and a pattern of criminal

_____

        [1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

1

arrests which severely impaired her ability to care for and supervise J.B.  The petition further alleged that mother and J.B. tested positive for marijuana in the hospital upon J.B.'s birth.  The petition also alleged that mother was arrested on October 14, 2014, and was currently incarcerated in the county jail.  As to J.B.'s father, the petition alleged that he had a chronic substance abuse history impairing his ability to provide adequate care and supervision for J.B., that he had a criminal arrest history, and that he was arrested in February 2014 and remained incarcerated in the county jail.  Further, the petition alleged that parents did not have appropriate housing and that they could not provide J.B. with a stable home.  Finally, the petition noted that parents' parental rights were terminated as to J.B.'s two siblings.  On October 15, 2014, the court ordered J.B. detained and placed in foster care.

The Agency's report for the jurisdictional hearing indicated that section 361.5, subdivision (b), was applicable and that reunification services could be bypassed based on the failure of parents to reunify with J.B.'s siblings in a prior dependency proceeding. Mother admitted to the Agency that she began using methamphetamine at about age 18 and continued to use the drug regularly.  She participated in the Family Dependency Drug Court beginning in May 2013 but was terminated from the program in August 2013 due to noncompliance.  She also failed at residential treatment and outpatient drug programs.  The Agency also reported that parents were incarcerated in the county jail. Mother's probation had been revoked and she faced four felony charges including burglary, petty theft, forgery, and possession of stolen property.  Father was currently serving a term of 48 months in the county jail following a probation revocation.  He was arrested in February 2014 for violating probation, possession of marijuana for sale, and receipt or possession of stolen property.  Parents had chronic substance abuse histories including abuse of methamphetamine, marijuana, and prescription opiates.  Mother acknowledged her use of marijuana during her pregnancy, but claimed that her doctor recommended marijuana for labor pains.

On November 10, 2014, the Agency filed a request for judicial notice of the April 1, 2014, order terminating the parental rights of parents to J.B.'s siblings in case

numbers, SCUK-JVSQ-13-16740 and SCUK-JVSQ-13-16741. The Agency reiterated its request for judicial notice in an addendum, dated November 10, 2014, to its jurisdictional report.

On November 13, 2014, mother waived her rights to a jurisdictional hearing and submitted on the petition based on the Agency's reports. The court sustained the allegations that mother had a long-standing substance abuse and criminal history which placed J.B. at risk. The court further found that father had a long history of drug addiction and a long-standing criminal history which posed a current risk to J.B. The court also found true the allegation that the parental rights of parents were terminated as to J.B.'s two siblings. In the clerk's minutes for the hearing, the court found that the above allegations were true by a preponderance of the evidence, and that no objections had been made to its admission of the Agency's jurisdictional report and the addendum to the report. That evidence included the orders terminating parental rights in the proceedings involving J.B.'s siblings. The court continued the matter for disposition.

The Agency's report for the dispositional hearing stated that J.B. was currently placed in a concurrent planning foster home. The Agency reported that parents were incarcerated and recommended that reunification services be bypassed. The dispositional hearing was held on December 10, 2014. The court adopted the Agency's recommendation and found that a bypass of reunification services was warranted under section 361.5, subdivisions (b)(11) and (b)(13), based on the evidence in the record of which the court took judicial notice — that the parental rights of parents had been terminated as to J.B.'s siblings — and that they continued to have a long-standing problem with substance abuse. The court set the matter for a section 366.26 hearing.[2]

---

[2] Father has not petitioned for a writ challenging the court's order.

3

## II.  DISCUSSION

Mother contends that there is insufficient evidence to support the court's order bypassing reunification services because the Agency did not include the original or authenticated copies of the petition and dispositional orders of J.B.'s siblings in its jurisdictional report.  Mother acknowledges that the court took judicial notice of the orders terminating parental rights in the siblings' cases, but argues that the Agency was also required to obtain judicial notice of the petition or dispositional order in the siblings' cases.  This argument lacks merit.

As the Agency points out, mother failed to object to the court's order taking judicial notice of the prior proceedings involving J.B.'s siblings.  She has therefore waived the issue.  (Evid. Code, § 353 [an order shall not be reversed by reason of the erroneous admission of evidence unless a timely objection is made]; *In re Crystal J.* (1993) 12 Cal.App.4th 407, 411 [failure to object to the admission of improper evidence waives the issue on appeal].)

In any event, mother's argument ignores that the court not only took judicial notice of the orders terminating parental rights in the prior proceedings, it was the court that presided over them.  Thus, the court was familiar with the prior dependency proceedings, and was therefore aware of mother's lengthy drug abuse history and the role it played in the case involving J.B.'s siblings.  Additionally, at the disposition hearing, the court reiterated that it had been asked to take judicial notice of the prior proceedings at the jurisdiction hearing and that it would continue to do so at disposition.  The evidence of the prior proceedings was before the court.  No error appears.

Mother also contends (1) that the Agency failed to prove, by clear and convincing evidence, that she had not made a reasonable effort to treat the problems that led to the removal of J.B.'s siblings as required by subdivision (b)(11) of section 361.5, and (2) that the Agency did not establish that she had undergone court-ordered substance abuse treatment and failed as required by subdivision (b)(13) of section 361.5.

" 'In juvenile cases, as in other areas of the law, the power of an appellate court asked to assess the sufficiency of the evidence begins and ends with a determination as to

4

whether or not there is any substantial evidence, whether or not contradicted, which will support the conclusion of the trier of fact. All conflicts must be resolved in favor of the respondent and all legitimate inferences indulged in to uphold the verdict, if possible.' [Citation.] ' "If the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed . . . ." ' " (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 820.)

In order to deny reunification services to a parent under subdivision (b)(11) of section 361.5, the court must find by clear and convincing evidence "[t]hat the parental rights of a parent over any sibling or half sibling of the child had been permanently severed, and this parent is the same parent described in subdivision (a), and that, according to the findings of the court, *this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from the parent.*" (§ 361.5, subd. (b)(11), italics added.)

Subdivision (b)(13) of section 361.5 requires the court to find by clear and convincing evidence "[t]hat the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan required by Section 358.1 on at least two prior occasions, even though the programs identified were available and accessible."

"Section 361.5, subdivision (b) 'reflects the Legislature's desire to provide services to parents only where those services will facilitate the return of children to parental custody.' [Citations.] When the court determines a bypass provision applies, the general rule favoring reunification is replaced with a legislative presumption that reunification services would be ' "an unwise use of governmental services." ' " (*In re Allison J.* (2010) 190 Cal.App.4th 1106, 1112.)

Here, clear and convincing evidence establishes that the bypass provisions of subdivision (b)(11) and (b)(13) are applicable. Mother simply did not make the requisite effort to treat her substance abuse issues. She failed to reunify with J.B.'s siblings, failed

5

at substance abuse treatment, used marijuana during her pregnancy resulting in J.B. testing positive for the drug at birth, and is now incarcerated. On these facts, both bypass provisions applied. As the court stated at disposition in finding that mother had not made reasonable efforts to address the problems that brought her children to the attention of the court: "The jurisdiction report and attached evidence, the information in the sibling case, the findings and orders of which the Court has been requested and did take judicial notice, and the overwhelming evidence that these parents have a terrible, long-standing problem with substances, they've each admitted that, do warrant the conclusion at this time that bypass under Welfare and Institutions Code [section] 361.5 [subdivision] (b)(11) and (b)(13) is appropriate and that will be the order of the Court in this case." In view of the record, substantial evidence demonstrates that mother failed to address the substance abuse issues which led to the removal of J.B.'s siblings and did not comply with a substance abuse treatment program. On these facts, the court correctly applied the bypass provisions of subdivision (b)(11) and (b)(13) of section 361.5.

### III. DISPOSITION

The petition for an extraordinary writ is denied on the merits. (§ 366.26, subd. (*l*).) Our decision is final in this court immediately in the interests of justice. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The temporary stay issued on March 16, 2015, is lifted.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Streeter, J.